David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*JOE MASHO*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOE MASHO,<br><br>  Plaintiff,<br>v.<br><br>DISCOVER BANK, MEMBER FDIC,<br><br>  Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, JOE MASHO, by undersigned counsel, states as follows:

## **JURISDICTION**

1. Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress passed the Electronic Funds Transfer Act

to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer system, most particularly, to provide consumers with individual rights. Along these lines this matter also arises out of the Electronic Fund Transfers Act, 15 U.S.C. §1693 et seq. ("EFTA") against the Defendant as further described herein.

2. As a result of any ill-gotten funds by the Defendant the Plaintiff also brings a State law claim for "conversion" against the Defendant.

3. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's EFTA claims pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

6. The Plaintiff, JOE MASHO ("Plaintiff" or "Mr. Masho"), is an adult individual residing in Las Vegas, Nevada.

7. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 15 U.S.C. §1693a(6).

8. Defendant DISCOVER BANK, MEMBER FDIC ("Defendant" or "DISCOVER"), is doing business in the State of Nevada.

9. DISCOVER at all times acted by and through one or more of its agents.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

10. Plaintiff maintained an "open end" credit account with Discover.

11. Due to recent unforeseen changes, the Plaintiff incurred additional expenses making it difficult to pay the entire amount due to Discover.

12. Accordingly, on about July 27, 2017, the Plaintiff contacted Discover, advised of his circumstances and requested Discover "work with" him on a payment arrangement.

13. To this end, Plaintiff authorized a *one-time* payment of $340 to be electronically debited from his Chase bank account on that same date (the "July 27, 2017 Transaction").

14. The July 27, 2017 Transaction was to be made via an electronic withdrawal from Plaintiff's Chase bank "account" as defined by 15 U.S.C. §1693a(2) and 12 C.F.R. 1005.2(b)(1).

15. The July 27, 2017 Transaction was an electronic funds transfer as

defined by 15 U.S.C. §1693a(7).

16. Discover then obtained $340.00 from the Plaintiff's Chase account via an electronic funds transfer it submitted to Chase based on this *one-time* authorization.

17. The Plaintiff advised that he would contact Discover to schedule future payment arrangements.

18. However, the Plaintiff did not authorize Discover to debit any other funds from his Chase account other than the July 27, 2017 Transaction.

19. However, Discover debited an additional $340.00 on August 8, 2017 without his authorization (the "Illegal August 8, 2017 Transaction"). On that date, the Plaintiff was shocked to find that Discover had withdrawn an additional $340 without his authorization.

20. The Plaintiff never authorized the Illegal August 8, 2017 Transaction.

21. The Illegal August 8, 2017 Transaction was an electronic funds transfer as defined by 15 U.S.C. §1693a(7).

22. The Illegal August 8, 2017 Transaction withdrawal was an unauthorized electronic funds transfer as defined by 15 U.S.C. §1693a(12) and 12 C.F.R. 1005.2(m), thereby violating 15 U.S.C. §1693, et seq.

23. The Plaintiff contacted Discover that day and requested that Discover immediately return the ill-gotten funds to his Chase bank account.

24. Discover refused and this suit results.

25. By withdrawing the aforementioned funds, Defendant deprived and/or prevented access to Plaintiff's funds to pay bills and other personal purposes. To date, Defendant has not refunded this money to Plaintiff.

### A. Plaintiff Suffered Actual Damages

26. The Plaintiff has suffered and continues to suffer actual damages as a result of DISCOVER's unlawful conduct.

27. Further, Plaintiff alleges that Defendants actions at all times herein were "willful."

28. As a direct consequence of Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, headaches, an upset stomach, heart palpitations, and has otherwise been totally annoyed by Defendant's illegal collection efforts. Plaintiff has also lost the use of personal and family time while enduring these frustrations.

29. Indeed, the illegal funds withdrawal resulted in Plaintiff's Chase account becoming negative for which the Plaintiff incurred "insufficient funds charges" as well as potential damage to his personal credit, the extent of which is not fully known.

30. Of course, the Plaintiff has also lost funds which Defendant was not authorized to take possession of.

## COUNT I

Violations of the EFTA
(15 U.S.C. § 1693 ET SEQ.)

31.    Plaintiff restates and incorporates herein all of her statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten.

32.    The foregoing acts and omissions constitute numerous and multiple violations of the EFTA.

33.    As a result of each and every negligent violation of the EFTA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1693m(a)(1); statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1693m(a)(3).

## COUNT II

Conversion

34.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.    Defendant's conduct amounts to civil theft of Plaintiff's property in violation of common law conversion.

36.    Defendant intentionally took monies from Plaintiff's bank account.

37.    At all times, Plaintiff owned and/or had full possessory rights over the funds in his bank account.

38. At all times, Defendant had no possessory rights to the funds in Plaintiff's bank account.

39. Defendant prevented Plaintiff from having access to and fully deprived Plaintiff of any possessory rights or enjoyment of his chattels or monies described above.

40. The conduct of Defendant was oppressive, fraudulent, malicious, and outrageous and Defendant refused to immediately return the monies when the Plaintiff demanded same.

41. Defendant harmed Plaintiff by fully depriving Plaintiff of the full use, value, and enjoyment of the monies described above.

42. Defendant further caused Plaintiff to suffer emotional distress.

43. The conduct of Defendant was a substantial factor in causing Plaintiff this emotional distress and the harm described above in an amount to be proven at trial.

44. Plaintiff is entitled to punitive and exemplary damages in an amount to be establish at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. An award of actual damages pursuant to 15 U.S.C. §1693m(a)(1);

2. An award of statutory damages of not less than $100, and not more than $1,000.00, pursuant to 15 U.S.C. §1693m(a)(2)(A);

3. An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1693m(a)(3);

4. General and special damages in an amount to proven;

5. Punitive damages; and

6. Any other legal or equitable relief that the court deems appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 14, 2017

                                                Respectfully submitted,

                                                By /s/ David H. Krieger, Esq.

                                                David H. Krieger, Esq.
                                                Nevada Bar No. 9086
                                                HAINES & KRIEGER, LLC
                                                8985 S. Eastern Avenue, Suite 350
                                                Henderson, Nevada 89123
                                                Phone: (702) 880-5554
                                                FAX: (702) 385-5518
                                                Email: dkrieger@hainesandkrieger.com

                                                Attorney for Plaintiff
                                                *JOE MASHO*